NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1143
_____

CODORUN FARMS, INC.,
Appellant

v.

WEST MANCHESTER TOWNSHIP; STEVEN HARLACHER; RONALD RUMAN;
DAVE MARKEL; RACHELLE SAMPERE; KELLY K. KELCH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:24-cv-00863)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2025
_____

Before: HARDIMAN, FREEMAN, and CHUNG, Circuit Judges

(Filed: October 31, 2025)
_____

OPINION[*]
_____

CHUNG, Circuit Judge.

---

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Codorun Farms, Inc. ("Codorun"), brought a single claim pursuant to 42 U.S.C. § 1983 against West Manchester Township ("the Township") and several individual defendants (together with the Township, "Defendants") for violating its substantive due process rights under the Fourteenth Amendment. The District Court granted Defendants' motion to dismiss. We agree that the Complaint does not plausibly allege a substantive due process violation, and therefore will affirm.

I.   BACKGROUND[1]

Codorun owns over 400 acres of farmland in York County, Pennsylvania. In February 2021, Codorun accepted a monetary sum from the Township in exchange for abandoning Codorun's then pending Right to Know Law request. Thereafter, three events took place that form the basis of Codorun's constitutional claim.

First, the Township ceased a longstanding practice of removing trash that was illegally dumped on Codorun's property along Old Salem Road.

Second, on March 3, 2022, the Township issued a notice of violation to Codorun, citing the accumulation of debris along Old Salem Road in violation of a Township zoning ordinance, knowing it was the product of illegal dumping. At a Zoning Hearing Board proceeding adjudicating the citation, Zoning Officer Rachelle Sampere acknowledged that the Township had ceased removing trash from Codorun's property "due to litigation." A13. The Zoning Hearing Board found in favor of the Township. On appeal, the York County Court of Common Pleas reversed, holding that the ordinance

---

[1]   Because we write for the parties, we recite only the facts pertinent to our decision.

2

was unconstitutionally vague. Codorun Farms v. West Manchester Twp. Hearing Bd., No. 2022-SU-001980, at 2 (York Cnty. C.C.P. Apr. 30, 2024); A13.

Third, the Township issued another notice of violation to Codorun, on the grounds that Codorun failed to secure a building permit before erecting stone pillars on its property. These pillars had been in place for months by the time the notice was issued. Over the Township's opposition, Codorun obtained a zoning variance for the pillars from the Zoning Hearing Board.[2]

Codorun contends that these actions were driven by "malicious intent," "ill will[,] and animus," and that they comprise a "concerted course of conduct … designed to specifically target [Codorun]." A16. Therefore, Codorun alleges, Defendants acted under color of law and violated Codorun's Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983. Defendants filed a motion to dismiss, in which they argued that (1) Codorun failed to state a claim for violation of its substantive due process rights, and (2) naming the individual defendants was unnecessary. Because the District Court agreed with Defendants as to their first argument, it granted Defendants' motion to dismiss without reaching the second. Codorun appeals.

---

[2] Codorun also alleged that the Township reported "dirt piles" on its property to the York County Conservation District. A16. Codorun did not develop this argument before the District Court, nor here. Codorun nominally raised a Fourth Amendment violation, but failed to develop that claim both before the District Court and before this Court. Accordingly, both are forfeited and we will not address them. See Montemuro v. Jim Thorpe Area Sch. Dist., 99 F.4th 639, 646, 646 n.5 (3d Cir. 2024).

II.    DISCUSSION[3]

Codorun raises two issues before this Court: (1) whether the District Court erred in concluding that Codorun failed to state a claim for violation of its substantive due process rights, and (2) whether the District Court erred by failing to accept Codorun's allegations as true at the motion to dismiss stage.

A.    Substantive Due Process

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Substantive due process flows from the Due Process Clause and consists of "two very different threads." Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir. 2000). The first applies when plaintiffs challenge a legislative act, and the second when plaintiffs challenge an executive act. Id. "[E]xecutive acts … typically apply to one person or to a limited number of persons, while legislative acts, generally laws and broad executive regulations, apply to large segments of society." Id. at 139 n.1 (citation omitted). Legislative acts challenged under substantive due process are subject to rational basis review, id. at 139, while executive acts violate substantive due process only if they "shock the conscience," United Artists Theatre Cir., Inc. v. Twp. of

---

[3]    The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's order granting a motion to dismiss is plenary. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). We accept the facts alleged in the light most favorable to Codorun. Jaroslawicz v. M&T Bank Corp., 962 F.3d 701, 708 (3d Cir. 2020). A complaint should be dismissed only when it fails to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Warrington, 316 F.3d 392, 394, 399-400 (3d Cir. 2003). "[O]nly the most egregious official conduct" rises to this level. Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004) (citation omitted).[4]

The District Court correctly regarded each of the challenged actions by Defendants as executive in nature. Codorun challenges this conclusion as to only one act: the Township's discontinuation of trash removal. But Codorun does not allege that the change in the Township's practice impacted a "large segment" of society, and the Complaint offers no factual support for Codorun's position that the Township's actions should be considered legislative. Accordingly, the District Court did not err in characterizing the Township's cessation of disposal services as executive.

Because the challenged acts are executive, the "shocks the conscience" standard applies. United Artists Theatre Cir., Inc. 316 F.3d at 394. Codorun argues unsuccessfully that Defendants' conduct meets this standard because the challenged acts were "motivated by malice and animosity," Opening Br. at 17; "intend[ed] to cause both financial and reputational harm" to Codorun, id. at 20; and "driven by personal animus," id. at 22. Our case law, however, makes clear that an improper motive is not enough to shock the conscience. See United Artists Theatre Cir., Inc., 316 F.3d at 394. Moreover, the alleged conduct falls squarely within the range of zoning disputes that we have found

---

[4]    A plaintiff challenging an executive act must also "establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." Nicholas, 227 F.3d at 139-40. It was undisputed before the District Court that Codorun pled the requisite property interest.

5

do not shock the conscience. Eichenlaub, 385 F.3d at 286 (standard not met by actions such as "unnecessary inspection and enforcement" and "delay[ing] certain permits and approvals"). As a result, Codorun fails to state a claim for violation of its substantive due process rights and the District Court properly dismissed the complaint.

B.      The District Court's Standard of Review

Codorun argues that the District Court failed to take Codorun's allegations as true in evaluating its motion to dismiss and improperly assessed the credibility of Codorun's allegations of malice. On the contrary, the District Court determined that, "*even taking as true the allegations of personal animosity*," the allegations of improper motive did not rise to the level required by the "shocks the conscience" standard. A43 (emphasis added). We see nothing in the District Court's opinion that suggests it failed to accept the allegations as true, despite its explicit statement that it did. Therefore, we reject Codorun's argument that the District Court applied the incorrect standard of review.

III.    CONCLUSION

For the forgoing reasons, Codorun fails to state a claim for violation of its substantive due process rights. We will therefore affirm the order of the District Court.